```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

ANTHONY SANSONE,              )
                              )
        Plaintiff,         )
                              )
  v.                          )     No.  13 C 3415
                              )
PATRICK R. DONAHUE, POSTMASTER)
GENERAL, et al.,              )
                              )
        Defendants         )

<u>MEMORANDUM ORDER</u>

Sometimes this Court suspects that one of the law book publishers has put out a bad form book as a joke, only to find that it turned out to be a bestseller, with too many defense lawyers regarding it as a serious effort and following its dictates. That suspicion led a dozen years ago to this Court's issuance of the Appendix in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D. Ill 2001), but the flood of unacceptable defendants' pleadings seems to continue unabated.

In this instance the government's Answer provides still another instance of that phenomenon, and this memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading. And because defense counsel has formulated the pleading by placing ten claimed affirmative defenses ("ADs," labeled as "First Defense," "Second Defense" and so on) at the very beginning, this memorandum order will speak to those first:

    1. AD 1 contains "to the extent" to qualifications, a sure tipoff that it advances a speculative or hypothetical

possibility that does not satisfy the notice-pleading principle that informs federal practice. Moreover, in violation of the fundamental principle that an AD must accept the complaint's allegations as correct (see App'x ¶5 to State Farm), it contradicts the allegations in Complaint ¶4. Accordingly AD 1 is stricken, without prejudice to its possible reassertion if plaintiff Anthony Sansone ("Sansone") proves not to have exhausted his administrative remedies or to have pursued a claim outside the scope of his administrative charges.

    2. AD 2 is directly at odds with the allegations of Complaint ¶7. It too is stricken.

    3. ADs 3 through 6 are inconsistent with the allegations in Complaint ¶9, and those ADs are stricken too.

    4. AD 9 is at odds with the allegations of Complaint ¶¶4 and 9, so it is stricken as well.

    5. How do government counsel and his clients know that Sansone "has failed in his duty to mitigate his damages, if any" (AD 10)? Because of the absence of some good faith basis for asserting that proposition (at least the government has not suggested any), AD 10 is stricken too.

To return to State Farm, its App'x ¶1 (199 F.R.D. at 278) deals with the all-too-common distortion of the Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer, a truly puzzling error because all

that a pleader needs to do is to track the plain language of that Rule. Moreover, here counsel compounds that error by following the inaccurate tracking of Rule 8(b)(5) with the phrase "and therefore denies them." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase must be stricken from Answer ¶¶7 and 8.

At a minimum, government counsel must return to the drawing board to cure the Answer's deviations from the appropriate Rule 8(b)(5) disclaimer, and counsel is ordered to do so by filing an amendment to the Answer (<u>not</u> a self-contained complete do-over of the Answer) on or before August 7, 2013. If counsel also wishes to try again on one or more ADs, those efforts may be included in the amendment.

                                                           _____
                                                           Milton I. Shadur
                                                           Senior United States District Judge

Date: July 24, 2013