IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY SANSONE,                        )
                                        )
              Plaintiff,                )
                                        )
      v.                                )       No.  13 C 3415
                                        )
PATRICK R. DONAHOE, POSTMASTER          )
GENERAL, et al.,                        )
                                        )
              Defendants                )

MEMORANDUM ORDER

      This Court's July 24, 2013 memorandum order ("Order") began
with what was intended as a jocular reference to the possible
source of too-often-encountered bad pleading by lawyers on the
defense side of the "v." symbol in federal practice.  Whether out
of resentment at that effort or simply as a matter of bad
lawyering, the just received Amendment to the Answer has really
compounded a couple of the problematic aspects of the earlier
responsive pleading.

      For one thing, the current Amendment begins with this
paragraph:

            1.  The phrase "; accordingly, they are denied" is
      substituted for the phrase "and therefore denies them"
      in defendant's responses to paragraphs 7 and 8 of the
      complaint.

That substitution is quite astonishing, for anyone with a basic
command of the English language has to recognize that the
proposed substitution is just as oxymoronic as the original
locution.  Moreover, the defense counsel (an Assistant United

States Attorney, no less) has failed entirely to correct his original impermissible departure from the plain path marked out for Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimers.

Twice is more than enough. Both the first sentence of Answer ¶7 and the third sentence of Answer ¶8 are stricken, so that the first two sentences of Complaint ¶7 and the second sentence of Complaint ¶8 are deemed admitted.

As for the second paragraph of the Amendment, the error is a more subtle one and calls for a bit of elaboration. As Order at 2 explained, the fundamental principle in invoking Rule 8(c) is that an affirmative defense ("AD") must accept the complaint's allegations as correct (see App'x ¶5 to the State Farm opinion referred to in the Order). Here Complaint ¶4 alleges that plaintiff Anthony Sansone ("Sansone") "was terminated by USPS" (the word "terminated" was also used in Complaint ¶11), while Complaint ¶10 similarly stated that Sansone "was forced to leave his job involuntarily."

Interestingly, Answer ¶4 has admitted the Complaint ¶4 allegation that Sansone was terminated, although each of Answer ¶¶10 and 11 has denied the comparable allegations in the Complaint. But the important thing for pleading purposes is that a current failure-to-mitigate-damages AD cannot be predicated on the notion that Sansone resigned his employment voluntarily, when he has alleged exactly the opposite. Because the Answer has put

2

that matter into issue properly by its denials of Sansone's allegations, the claimed AD in Amendment ¶2 is stricken without prejudicing defendant in any way.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 30, 2013