# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY SANSONE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 3415 |
| | ) | |
| **MEGAN BRENNAN**, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This action by Anthony Sansone ("Sansone") against the United States Postal Service and the Postmaster General (those defendants are collectively referred to for convenience as the "Postal Service") went to a jury trial that was completed on March 10, 2017, with the jury ruling in Sansone's favor and awarding him $300,000 in compensatory damages. Because the nature of a claim of that type against a United States defendant calls for a determination of equitable relief by the trial judge, this Court issued a September 7 memorandum opinion and order (the "Opinion") that analyzed the potential components of such equitable relief and directed counsel for the litigants "to tender their respective submissions" (Opinion at 7) as to the appropriate calculation of Sansone's recovery in this action on or before October 5.

Both sides have filed timely responses, and this Court is now in a position to enter a final judgment. For that purpose this opinion turns first to the Postal Service's 4-page "Brief on the Calculation of Plaintiff's Damages" (the "Brief," Dkt. No. 139), then continues with an analysis of Sansone's submission.

At the outset the Postal Service's Brief at 1 states that it "disagrees with certain of the court's conclusions from the evidence at trial." But the trial evidence to which the Postal Service's counsel attempts to point was not found to be persuasive by the factfinding jury, and nothing entitles Plant Manager Ruby Branch's uninformed snap veto of Sansone's long-established disability accommodation (an accommodation that had existed for more than a decade, without any adverse incident or threat of one) to override the jury's pro-Sansone determination.

Nor does the balance of the Postal Service's Brief fare any better. For one thing, the Brief mischaracterizes Sansone's turndown of the unsuitable proposals that Plant Manager Branch came up with (rather than her giving thoughtful consideration to, followed by her rational approval of, the entirely suitable accommodation that Sansone was already receiving) by stating he "chose to retire" (Brief at 2). It is an impermissible distortion of the facts, as resolved in Sansone's favor by the jury, to label retirement as his preferred "choice."

And as for the rest of the Postal Service's Brief, its narrative simply does not constitute a effective response to the analysis in the Opinion. Instead such a reasoned responsive analysis is provided by Sansone's opinion witness, Professor Charles Linke -- an analysis to which this opinion now turns.

Sansone's submissions comprise (1) a 4-page "Plaintiff's Memorandum on Calculation of Lost Compensation" (Dkt. No. 138) coupled with (2) that memorandum's 9-page Ex. 1 (Professor Linke's Declaration, Dkt. No. 138-1)[1] and (3) the Memorandum's Ex. 2, Sansone's

---

[1] Ex. 1's remaining 14 pages set out Professor Linke's extraordinarily impressive CV, which leaves no room for any quarrel as to his expertise.

brief September 24, 2017 Declaration that repeats his earlier "Memorandum on the Collateral Source Issue" (Dkt. No. 136) that this Court's September 7 Opinion had quoted at its pages 4 and 5. As that Opinion stated at page 5 immediately following that quotation:

> Nothing in the evidence counters that candid and totally plausible statement. And viewed in that light, that component of Sansone's entitlement comprises two parts: the portion ending with the date of judgment and the portion recoverable for the period from the date of judgment through January 20, 2023.

That evaluation still applies today, and this Court expressly approves Professor Linke's current damages analysis that credits and builds upon Sansone's "best estimate" of his retirement timetable (a statement strongly bolstered by his stated goal of maximizing his post-retirement pension benefits).

## **Conclusion**

With that said, this Court has reviewed and evaluated Professor Linke's Declaration (Dkt. No. 138-1) and its summary in Sansone's "Memorandum on Calculation of Lost Compensation" (Dkt. No. 138), and it approves and adopts them in their entirety. Without having to repeat the particulars, the end results are these:

1. The Postal Service is ordered to pay Sansone forthwith the total of (a) $300,000 as awarded by the jury and (b) $828,774, constituting his "total lost compensation from the date of termination until his estimated date of retirement, subtracting his 7% pension contribution, adding prejudgment interest and reducing [the amount] to present value" (as to the latter component, see Paragraphs 4 through 6 of Professor Linke's Declaration).

2. The Postal Service is further ordered , when Sansone does choose to retire (whether or not on January 20, 2023 as he now anticipates), to pay him a pension thereafter at the appropriate percentage (80% if the 2023 date applies) of the average of his highest three years of pre-retirement earnings.

                                                                                          _____
                                                                                           Milton I. Shadur
                                                                                          Senior United States District Judge

Date: October 10, 2017